﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190913-30688
DATE: September 30, 2019

ORDER

Eligibility for death pension is denied. 

FINDING OF FACT

The claimant failed to timely provide required information concerning her income, assets, property transfers, and expenses. 

CONCLUSION OF LAW

The criteria for eligibility for death pension have not been met. 38 U.S.C. § 5107(a) (2012); 38 C.F.R. § 3.3, 3.262, 3.271, 3.272, 3.273 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

Eligibility for death pension is denied. 

Death Pension, also called Survivor’s Pension, provides a monthly stipend for eligible survivors of wartime Veterans. Eligibility for the benefit is dependent on income, assets and deductible medical and care expenses. The claimant is the surviving spouse of the Veteran, who passed away in December 2001. She applied for death pension in July 2016. In March 2017, a Department of Veterans Affairs (VA) regional office (RO) denied the claim, because at that point the claimant’s income exceeded the applicable maximum annual limit. 

She applied again in October 2018. In March 2019, the RO sent the claimant a letter requesting specific additional information regarding her income, assets, and care expenses. The RO provided VA forms on which the claimant was asked to provide the required information. In its letter, the RO provided direction as to which parts of the forms the claimant needed to complete. Within a week, on March 27, 2019, the claimant provided the RO the completed financial forms. 

Approximately two months later, in May 2019, the RO denied the claim. In its notification letter, the RO referenced its March 2019 letter, and noted that it had asked the claimant to provide information regarding assets and property transfers, primary residence and lot size, and medical expenses. The RO pointed out that the claimant had not provided the information on medical expenses in the format requested by the medical expense report form, in that she had not provided the time periods within which the listed medical expenses had been paid. The RO pointed out that medical expenses that occurred prior to the October 2018 date of claim could not be credited. 

In June 2019 the claimant provided a corrected medical expense report. At that time, the RO informed her that under the revised procedures of the Appeals Modernization Act, in order to receive reconsideration of the denial, she would have to appeal the decision. 84 Fed. Reg. 138, 166 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.103(b)(4)). She has done so. In her July 2019 notice of disagreement, she chose an appeal to the Board of Veterans’ Appeals (Board) and selected the Direct Review docket. 84 Fed. Reg. 138, 166 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.301).

In considering appeals under the Direct Review docket, the Board must evaluate the RO’s denial considering only the evidence that was before the RO when it made its decision – here, the rating decision issued in May 2019. No subsequent evidence may be considered by the Board. Thus, the Board is precluded from considering the evidence that the claimant submitted to the RO in June and July 2019, as well as the evidence submitted with her notice of disagreement. Id.

The Board notes that the Medical Expense Report, VA Form 21P-8416, requires unreimbursed medical expenses to be recorded on a calendar year basis. The Medical Expense Report submitted by the claimant in March 2019 does not provide the required time periods of the medical expenses. Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. 38 U.S.C. § 5107(a). She also failed to provide information concerning her income, assets, and property transfers prior to the May 2019 rating decision. Therefore, the Board finds that the claimant has not provided the evidence necessary to substantiate her claim within the time frame dictated by the AMA, and therefore that an award of death pension is not warranted at this time. 

In reaching this conclusion, the Board notes that it is bound by the provisions of the AMA and may not consider any evidence submitted by the claimant after the date of the May 2019 rating decision on appeal. However, the Board would point out that under the procedures of the AMA, the claimant may now file a Supplemental Claim, and the claim will be readjudicated, giving consideration to all evidence of record. 84 Fed. Reg. 138, 166 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.1105).

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David S. Katz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.